IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**GEORGE AMEIL SCHWINDLING**                                              **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 3:12CV642-HTW-FKB**

**RONALD KING and STATE of MISSISSIPPI**                        **RESPONDENTS**

REPORT AND RECOMMENDATION

In this action filed pursuant to 28 U.S.C. § 2254, before the Court is Respondents' Motion to Dismiss (Docket No. 11), to which Petitioner has failed to respond. In the Motion, Respondents argue that the petition should be dismissed because it is untimely, fails to state a claim upon which relief can be granted, and was filed prior to exhaustion of state remedies.

In this matter, Schwindling makes clear that he does not challenge the constitutionality of his convictions on state and federal charges.[1] Rather, as detailed in this Report and Recommendation, he challenges the execution of his sentence by the State, and he asks to be sent to federal custody. Docket No. 1 at 7. Additionally, on June 18, 2013, Schwindling filed a letter which indicates that he is no longer in state custody, and that he has been transferred to federal custody to begin serving a federal sentence. See Docket No. 17. For the reasons explained in this Report and Recommendation, the undersigned finds that the Motion to Dismiss should be granted. Accordingly, this Petition should be dismissed without prejudice.

---

[1] By Order entered October 24, 2012, the Court dismissed without prejudice Petitioner's claim for relief from his federal sentence so that he may pursue such challenge in a separate civil action pursuant to 28 U.S.C. § 2255. See Docket No. 9.

FACTS AND PROCEDURAL HISTORY

A review of the recent[2] procedural history leading up to this action will aid in the consideration of this case. When Petitioner filed this action pursuant to 28 U.S.C. § 2254 in September 2012, he was in state custody serving a sentence on a conviction resulting from a June 20, 2011, guilty plea before the Circuit Court of Rankin County, Mississippi, Cause No. 22,511. On that date, the state court judge signed the Judgment of Conviction and Sentence, sentencing him, as follows:

> (1) To serve a term of **TEN(10)** year(s) in the custody of the Mississippi Department of Corrections in Cause Number(s) 22,511. **PROVIDED, HOWEVER**, that pursuant to Section 47-7-33 **OR** Section 47-7-34 of the Mississippi Code of 1972, **AFTER** the Defendant has served a term of **FIVE (5)** year(s) in the custody of **MDOC**, the Defendant shall be released and placed on **SUPERVISED POST RELEASE SUPERVISION** under the direct supervision of the Mississippi Department of Corrections on the terms, provisions and conditions prescribed elsewhere in this Order. Said sentence(s) shall run **concurrently** with sentence(s) imposed in Cause Number 3:99-CR-20WHB-1, in the Southern District of Mississippi.
>
> (2) To serve a term of **FIVE** year(s) on **SUPERVISED POST RELEASE SUPERVISION** under the direct supervision of the Department of Corrections which shall commence upon the Defendant's release from the custody of the Mississippi Department of Corrections.

Docket No. 11-1 at 2 - 3 (emphasis in original). In addition, the state court judge "further ordered that all time served in pretrial detainment in this cause is credited against this sentence." Id. at 5.

As stated above, the state court judge specifically provided that Schwindling's state sentence was to run concurrently with any sentences previously imposed in a federal criminal

---

[2]Letters (Docket Entry Nos. 17, 18) from Petitioner to the Court in Criminal No. 3:99-cr-20-WHB allude to past criminal convictions in state and federal court, but it does not appear that those are relevant to the analysis of this case.

proceeding before this Court, Criminal No. 3:99-cr-20-WHB. In that criminal action, the United States District Court for the Southern District of Mississippi had sentenced Petitioner on January 7, 2011, to a twenty-four month term of imprisonment, with no supervised release to follow. The sentence was imposed by the Southern District of Mississippi upon a finding by the Court that Schwindling had violated the terms of his supervised release when, on two separate occasions in March 2010, Schwindling had failed to refrain from a violation of the law.[3]

In the present § 2254 action, Schwindling's original Petition for habeas corpus relief was received and file-stamped in this Court on September 14, 2012. Docket No. 1. In that Petition, Schwindling broadly alleges that he is serving an illegal sentence and should be sent to federal custody to serve his federal sentence. Docket No. 1 at 7. He also alleges that he filed a petition for habeas corpus before the Rankin County Circuit Court, which he later agreed to dismiss because he was "released on [his] own recognizance on 11-4-2010 when the U.S. Marshal's [sic] took custody of me." Docket No. 1 at 5.

In response to a Court Order (Docket No. 5), Petitioner filed an Amended Petition (Docket No. 7), in which he expanded upon his claims and set forth two grounds for relief. In his first ground, he argues that he is serving an illegal sentence in violation of the U.S. Constitution because both the federal and state courts sentenced him to concurrent sentences,

---

[3]In the "Revocation Judgment in a Criminal Case" entered in Criminal No. 3:99-cr-20-WHB, the Court cited two separate violations of the law by Schwindling as a basis for revocation: (1) his arrest on March 22, 2010, on the charges of petit larceny and driving with a suspended license by the Pearl Police Department, and (2) his arrest on March 29, 2010, on the charge of receipt of stolen property by the Pearl Police Department. Although it is not crystal clear from the record, one could presume that the March 29, 2010, charge of receipt of stolen property by the Pearl Police Department was the same charge to which Petitioner later pleaded guilty before the Circuit Court of Rankin County.

when in actuality he is serving consecutive sentences and is months over his original discharge date. Docket No. 7 at 5. His second ground for relief essentially restates the argument in his first ground; that is, he alleges that his sentence is illegal because he was given concurrent sentences, but is being required to serve consecutive sentences. Docket No. 7 at 7. Thus, he asserts that his sentence is unconstitutional and illegal because he is serving a longer sentence than was originally intended by the courts. Id.

In his Amended Petition, he details his attempts to seek state remedies regarding his sentences. He alleges that he filed a Motion to Correct Sentence in the Rankin County Circuit Court, but that it was denied, and he did not appeal the decision. Docket No. 7 at 6. He also alleges that he filed a grievance on this issue with the Mississippi Department of Correction's ("MDOC's") Administrative Remedy Program ("ARP"), but that the final decision erred when it concluded that he was not being held illegally. Id.; Docket No. 7 at 18 (Second Step Response Form). He does not allege that he appealed this unfavorable ARP result to the state courts.

The Amended Petition and the docket of Criminal No. 3:99-cr-20-WHB also shed some light on his recent history of incarceration. Petitioner apparently began a period of federal supervised release on January 6, 2010, and was arrested in Rankin County on state charges on March 22, 2010, and March 29, 2010. Docket No. 7 at 19. It is unclear whether he was continuously detained from that point onward by the authorities in Rankin County, however, Schwindling states he was "released on his own recognizance" from unspecified authorities to the U.S. Marshal Service on November 4, 2010. Docket No. 1 at 5; Docket No. 7 at 25. According to the docket of Criminal No. 3:99-cr-20-WHB, this Court held the initial appearance on the Petition for Revocation of Supervised Release on November 4, 2010. Minute Entry,

-4-

11/4/2010. The Court held a preliminary hearing on November 9, 2010, and ordered him detained by the U.S. Marshal until his final revocation hearing. Minute Entry, 11/9/2010. The district court subsequently held the revocation hearing on January 5, 2011, and sentenced him to a total term of twenty-four months of imprisonment with the Bureau of Prisons, with no supervised release to follow. Docket No. 30, Criminal No. 3:99-cr-20-WHB. After the hearing, the Court remanded him to the custody of the U.S. Marshal. Id. Schwindling alleges that after he was sentenced on his probation revocation in federal court on January 5, 2011, he was returned to state custody for sentencing on the state charge of receiving stolen property. Docket No. 7 at 14, Civil Action No. 3:12cv642-HTW-FKB. Schwindling states that he was returned to federal custody on or about June 24, 2011. Id. However, "because of a detainer issue and mistake made by [the Bureau of Prisons]," he was "again returned to state custody," where he remained until this action was filed. Id.

After receiving the Amended Petition, the district court on October 24, 2012, dismissed without prejudice Petitioner's challenge to his federal conviction. See Docket No. 9. Thus, the Court allowed this action to proceed and to challenge his state confinement only. The State filed its Motion to Dismiss (Docket No. 11) on November 9, 2012. Subsequently, on April 10, 2013, Judge Wingate entered an Order to Show Cause (Docket No. 12), directing Petitioner to respond to the pending Motion to Dismiss.[4] On April 22, 2013, the Petitioner responded (Docket No. 14) to the Order to Show Cause and asked for more time to respond to the Motion to Dismiss. Thereafter, the Court entered an Order (Docket No. 16) giving Petitioner until May 31,

---

[4] That same date, Hon. Linda R. Anderson, United States Magistrate Judge, entered an Order of Recusal (Docket No. 13), and the matter was reassigned to this office.

2013, to respond to the Motion to Dismiss. Petitioner has failed to file a response. On June 18, 2013, Plaintiff filed with the Court a letter addressed to a third party and indicated that he was being transferred to federal custody. Indeed, a review of information available on the MDOC website about the location of inmates shows that Schwindling is no longer in the custody of the MDOC. Likewise, a search for inmates on the website of the Bureau of Prisons as of the date of this Report and Recommendation indicates that Schwindling is in federal custody.

In the Motion to Dismiss, the State asserts, among other arguments, that if Schwindling's petition is construed as an attack on the constitutionality of his Rankin County guilty plea, it is time-barred pursuant to 28 U.S.C. § 2244(d). Alternatively, the State argues that Petitioner has failed to exhaust his state remedies as required by 28 U.S.C. § 2254.

## DISCUSSION

The primary basis on which the State seeks dismissal is timeliness of the petition. The State argues that when the Court considers 28 U.S.C. § 2244(d), the petition was not timely filed. According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, 28 U.S.C. § 2244(d) provides a one-year statute of limitations on petitions brought pursuant to 28 U.S.C. § 2254, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA imposed a one-year statute of limitations for the filing of a federal habeas petition. Asserting that Schwindling's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), the State argues that Schwindling's petition is untimely.

The Court has considered the State's arguments regarding timeliness. However, the Court declines to muddle through the weeds of those positions regarding what is or is not a § 2244(d)(2) "properly filed application for State post-conviction or other collateral review" by Schwindling in an effort to ferret out whether he is eligible for statutory tolling. Furthermore, the Court declines to delve into whether Schwindling meets the "discovery" and "due diligence" requirements of § 2244(d)(1)(D) in an effort to determine whether his petition is timely.

Instead, in this action that does not challenge the constitutionality of his state guilty plea or his state sentence, but instead challenges the execution of his sentence and whether its execution is in accord with the state court sentencing order, the Court finds that Petitioner, admittedly, failed to exhaust his state remedies as required by 28 U.S.C. § 2254. As recounted above, the State also urges failure to exhaust state remedies as a basis for dismissal.

The relevant portions of § 2254 provide as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)    (i) there is an absence of available State corrective process; or
>             (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>             *  *  *
>
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. See Edwards v. Carpenter, 120 S.Ct. 1587 (2000); Coleman v. Thompson, 501 U.S. 722, 729-55 (1991); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. Edwards, 120 S.Ct. at 1587; see also Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Whitehead, 157 F.3d at 387.

Since Petitioner does not challenge the constitutionality of his state court conviction or sentence, but instead challenges the execution of his sentence, his petition could be considered as being filed under 28 U.S.C. § 2241.[5] However, even if the Court construed this petition as one

---

[5] See Dickerson v. State, 816 F.2d 220, 224 (5th Cir. 1987)(finding that an improperly filed § 2254 petition could be construed as one filed pursuant to § 2241).

filed pursuant to 28 U.S.C. § 2241, exhaustion of administrative remedies is still required before this Court can consider the petition. The Fifth Circuit has held that "exhaustion of administrative remedies is a prerequisite to filing a section 2241 petition." See United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990).

Petitioner's admissions of his failure to exhaust state remedies on these claims are clearly set forth in his original and amended petitions. Docket No. 1 at 3-5; Docket No. 7 at 6. Schwindling failed to pursue a motion for post-conviction relief regarding the execution of his sentence before the Mississippi courts. Although he alludes to a "habeas corpus" that he allegedly filed in the Rankin County Circuit Court, he provides no proof of the proceedings. Moreover, he admits that he never exhausted any appeal because he "agreed" to dismiss it. Docket No. 1 at 3. Furthermore, although he pursued a complaint with the MDOC's Administrative Remedy Program ("ARP") regarding the execution of his sentence, Docket No. 11-5, he failed to appeal the denial of his ARP through the state court system. Thus, Schwindling failed to exhaust state remedies as required by 28 U.S.C. § 2254. Because Petitioner has failed to exhaust his state court remedies, this Court may not grant habeas relief. See 28 U.S.C. § 2254(b); Cleto, 956 F.2d at 84 (regarding exhaustion in § 2241 context).

As a final note, the Court observes that Schwindling is now in federal custody. If Schwindling seeks credit on his federal sentence for his time served in state custody pursuant to the June 20, 2011, Judgment of the Rankin County Circuit Court, he may pursue the administrative remedies offered by the Bureau of Prisons ("BOP"), such as through a request to the BOP for a *nunc pro tunc* designation. See Hunter v. Tamez, 622 F.3d 427 (5th Cir. 2010); Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990); see also Federal Bureau of Prisons Program

Statement Number 5160.05, attached as Exhibit 1, at Section 9(b)(4).

## CONCLUSION

Accordingly, for the reasons stated above, the Respondents' Motion to Dismiss should be granted, and this case should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 9th day of July, 2013.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE